Filed 5/27/25  Marriage of Arora CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of NIKHIL and SRIMAYE ARORA. | H051703 (Santa Clara County  Super. Ct. No. 17FL005143) |
| NIKHIL ARORA,  Appellant,  v.  SRIMAYE ARORA,  Respondent. | |

**MEMORANDUM OPINION**

We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, Title 8, Standard 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

Appellant Nikhil Arora (father) appeals from an order requiring him to pay $65,000 in attorney fees and costs to respondent Srimaye Arora (mother).  Those fees were awarded after a hearing where no court reporter was present.

Mother moved ex parte in October 2023, requesting two things:  an order regarding holiday travel plans for the parties' children, and $65,000 in need-based attorney fees and costs under Family Code section 2030.  Mother's attorney declared that her office had provided the following services since being retained by mother in August 2023:  42 hours of attorney time at a rate of $450 per hour; 30.2 hours of paralegal time at

$275 per hour; and 6.7 hours of legal assistant time at $100 per hour. Counsel's declaration described the services she had provided, including attending mother's deposition and responding to father's discovery requests. It also described anticipated future services, including preparing for and appearing at future hearings in the case. The declaration estimated $51,650 in additional professional fees for those services, consisting of $32,400 for attorney time and $19,250 for paralegal time. The declaration asserted that father earned over $40,000 per month. A separate form declaration signed by mother's counsel indicated mother has a cervical spine injury and suffers from epileptic seizures, which adversely impact her ability to work; she was currently working on a contract basis for a real estate company.

Father opposed the request, asserting in a declaration that mother's attorney "does not know my finances." He declared that he owed over $200,000 in credit card debt. He noted his pending request that mother pay him $40,000 in attorney fees "based on fraud" for failing to disclose income from a corporation she co-owned.

Family Code section 2030, subdivision (a)(1) requires a court in a marital dissolution proceeding to "ensure that each party has access to legal representation," which can include ordering "one party ... to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding." In deciding a request for attorney fees under the statute, "the court shall make findings" on whether a fee award is appropriate, whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties. (Fam. Code, § 2030, subd. (a)(2); see also Fam. Code, § 2032, subd. (b) ["In determining what is just and reasonable under the relative circumstances, the court shall take into consideration the need for the award to enable each party, to the extent practical, to have sufficient financial resources to present the party's case adequately, taking into consideration, to the extent relevant, the circumstances of the respective parties described in [Fam. Code, §] 4320."].) Family

2

Code section 2030, subdivision (a)(2) has been interpreted to require the family court "to make express findings—that is, findings stated in words, either in writing or orally on the record." (*In re Marriage of Morton* (2018) 27 Cal.App.5th 1025, 1050.) We review the family court's decision for an abuse of discretion. (*In re Schleich* (2017) 8 Cal.App.5th 267, 276.)

Father argues on appeal that the court abused its discretion because it "provided no record that it considered the appropriate factors, or that it considered any factors at all." But it is the appellant's burden both to provide an accurate record and to demonstrate error (*In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 8–9), and father failed to avail himself of multiple alternative methods to preserve his argument for appeal. He did not arrange for a court reporter to report the hearing (see Gov. Code, § 68086, subd. (d)), nor did he seek an agreed or settled statement about what occurred at the hearing (see Cal. Rules of Court, rules 8.130(h), 8.137). Although Family Code section 2030 findings must be express, they can be made "either in writing *or orally on the record*." (*In re Marriage of Morton*, *supra*, 27 Cal.App.5th at p. 1050, italics added.)

The declarations by mother's counsel are evidence from which a rational trier of fact could conclude that $65,000 in attorney fees was reasonable under the applicable standard. Without an adequate record showing the absence of express findings based on those declarations, we must presume that what occurred at the unreported hearing supports the family court's decision. Father has therefore not met his burden to demonstrate error.

## DISPOSITION

The order of October 23, 2023 awarding attorney fees is affirmed. As the prevailing party, mother is entitled to her appellate costs, if any. (Cal. Rules of Court, rule 8.278(a).)

3

_____

Grover, Acting P. J.

**WE CONCUR:**

_____

Danner, J.

_____

Wilson, J.

H051703
*Arora v. Arora*